

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CORNELIUS JOHNSON, 43730806,

    Petitioner,

-v-

ERIE COUNTY DISTRICT ATTORNEY,

    Respondent.

09-CV-0931S
**ORDER**

---

*Pro se* petitioner Cornelius Johnson, currently in immigration custody at the Buffalo Federal Detention Center, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he seeks challenge the constitutionality of his conviction in Erie County Court, State of New York, dated December 4, 1997. Petitioner has paid the filing fee.

This is petitioner's second or successive petition with respect to the same judgment of conviction. Petitioner's previous § 2254 petition was filed in the Western District under civil number 08-CV-0329S. The Court in the earlier case found that the petition was time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and that petitioner was not "in custody" at the time he filed the petition, and ordered the petition dismissed on those bases after affording petitioner the opportunity to respond on both issues. Johnson v. Erie County DA, 08-CV-0329S, Order dated Sept. 19, 2008 [Docket No. 4].

The petition now pending is a second or successive petition because petitioner's claims constitute a challenge to the same



underlying conviction that he challenged in his previous habeas petition that was denied and dismissed on the merits in this district in 2008. Johnson v. Erie County DA, 08-CV-0329S.

According to 28 U.S.C. § 2244, before a district court may entertain a second or successive application for a writ of habeas corpus filed pursuant to § 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals which authorizes the filing of such a second or successive petition. *Id.*, § 2244(b)(3) (("[T]he applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").[1]

The petition herein has not been so authorized. Therefore, in the interests of justice and pursuant to 28 U.S.C. § 1631, this petition shall be transferred to the Second Circuit Court of Appeals for a determination of the authorization issue. See Liriano v. United States of America, 95 F.3d 119 (2d Cir. 1996); *see also* Torres v. Senkowski, 316 F.3d 147, 151-52 (2d. Cir. 2003) (Second Circuit

---

[1]The Second Circuit has held that the "dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction "second or successive" petitions under § 2244(b)." Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005).

2

has held that "a district court must transfer uncertified successive motions to this Court pursuant to 28 U.S.C. § 1631).

IT HEREBY IS ORDERED, that the petitioner's § 2254 petition is transferred to the United States Court of Appeals for the Second Circuit.

S/ MICHAEL A. TELESCA
MICHAEL A. TELESCA
United States District Judge

Dated: January 19, 2010
Rochester, New York